# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NEW YORK

———————————————————————

FEDERAL TRADE COMMISSION, and
PEOPLE OF THE STATE OF NEW YORK,

          Plaintiffs.

v.

NATIONAL CHECK REGISTRY, LLC, *et al.*,

          Defendants.

**ANSWER**

Case No.: 14-CV-00490-RJA

———————————————————————

Defendants, National Check Registry, LLC, Check Systems, LLC, Interchex Systems, LLC, American Mutual Holdings, Inc., Goldberg Maxwell, LLC, Morgan Jackson, LLC, Mullins & Kane, LLC, Buffalo Staffing, Inc., eCapital Services LLC f/k/a Consumer Check Reporting, LLC, Joseph C. Bella III, and Diane L. Bella (collectively hereinafter referred to as "Defendants"), by and through their attorneys, Lippes Mathias Wexler Friedman LLP, for their answer to Plaintiff's Complaint for Permanent Injunction and Other Equitable Relief state as follows:

## GENERAL DENIAL

1.     Except as otherwise expressly admitted herein, Defendants deny each and every allegation contained in the Complaint and specifically deny any liability to Plaintiffs.  Defendants expressly reserve the right to seek to amend and/or supplement their Answer as may be necessary.

## SPECIFIC ALLEGATIONS

2.      Answering paragraph 1 of the Complaint, Defendants assert that no response is necessary, but to the extent a response is necessary, Defendants deny knowledge and information sufficient to respond to the allegations set forth in that paragraph.

3.      Answering paragraph 2 of the Complaint, Defendants assert that no response is necessary, but to the extent a response is necessary, Defendants deny knowledge and information sufficient to respond to the allegations set forth in that paragraph.

4.      Answering paragraph 3 of the Complaint, Defendants admit this Court has subject matter jurisdiction to hear the claims in this matter.

5.      Answering paragraph 4 of the Complaint, Defendants admit that venue is proper.

6.      Answering paragraph 5 of the Complaint, Defendants deny knowledge and information sufficient to respond to the allegations set forth in that paragraph.

7.      Answering paragraph 6 of the Complaint, Defendants deny knowledge and information sufficient to respond to the allegations set forth in that paragraph.

8.      Answering paragraph 7 of the Complaint, Defendants admit that National Check Registry, LLC is a New York limited liability company and deny knowledge and information sufficient to respond to the remaining allegations set forth in that paragraph.

9.     Answering paragraph 8 of the Complaint, Defendants admit that Check Systems, LLC is a New York limited liability company and deny knowledge and information sufficient to respond to the remaining allegations set forth in that paragraph.

10.     Answering paragraph 9 of the Complaint, Defendants admit that Interchex Systems, LLC is a New York limited liability company and deny knowledge and information sufficient to respond to the remaining allegations set forth in that paragraph.

11.     Answering paragraph 10 of the Complaint, Defendants admit that American Mutual Holdings, Inc. is a New York corporation and deny knowledge and information sufficient to respond to the remaining allegations set forth in that paragraph.

12.     Answering paragraph 11 of the Complaint, Defendants admit that Goldberg Maxwell, LLC is a New York limited liability company and deny knowledge and information sufficient to respond to the remaining allegations set forth in that paragraph.

13.     Answering paragraph 12 of the Complaint, Defendants admit that Morgan Jackson, LLC is a New York limited liability company and deny knowledge and information sufficient to respond to the remaining allegations set forth in that paragraph.

14.     Answering paragraph 13 of the Complaint, Defendants admit that Mullins & Kane, LLC is a New York limited liability company and deny knowledge

and information sufficient to respond to the remaining allegations set forth in that paragraph.

15.    Answering paragraph 14 of the Complaint, Defendants admit that Buffalo Staffing, Inc., is a New York corporation and deny knowledge and information sufficient to respond to the remaining allegations set forth in that paragraph.

16.    Answering paragraph 15 of the Complaint, Defendants admit that eCaptial Services, LLC, is a New York limited liability company and deny knowledge and information sufficient to respond to the remaining allegations set forth in that paragraph.

17.    Answering paragraph 16 of the Complaint, Defendants admit that Joseph C. Bella, III has been a principal of one or more corporate defendants, admit that Joseph C. Bella, III resides in this district, and deny knowledge and information sufficient to respond to the remaining allegations set forth in that paragraph.

18.    Answering paragraph 17 of the Complaint, Defendants deny the allegations set forth in that paragraph.

19.    Answering paragraph 18 of the Complaint, Defendants deny knowledge and information sufficient to respond to the allegations set forth in that paragraph.

20.     Answering paragraph 19 of the Complaint, Defendants admit that some corporate defendants engage in debt collection activities and deny the remaining allegations set forth in that paragraph.

21.     Answering paragraph 20 of the Complaint, Defendants deny the allegations set forth in that paragraph.

22.     Answering paragraph 21 of the Complaint, Defendants assert that no response is necessary, but the extent a response is necessary, Defendants deny knowledge and information sufficient to respond to the allegations set forth in that paragraph.

23.     Answering paragraph 22 of the Complaint, Defendants deny the allegations set forth in that paragraph.

24.     Answering paragraph 23 of the Complaint, Defendants admit that Joseph Bella, III agreed to an Assurance of Discontinuance with the State of New York and deny the remaining allegations set forth in that paragraph.

25.     Answering paragraph 24 of the Complaint, Defendants deny the allegations set forth in that paragraph.

26.     Answering paragraph 25 of the Complaint, Defendants deny the allegations set forth in that paragraph.

27.     Answering paragraph 26 of the Complaint, Defendants deny the allegations set forth in that paragraph.

28.     Answering paragraph 27 of the Complaint, Defendants deny the allegations set forth in that paragraph.

29.     Answering paragraph 28 of the Complaint, Defendants deny the allegations set forth in that paragraph.

30.     Answering paragraph 29 of the Complaint, Defendants deny the allegations set forth in that paragraph.

31.     Answering paragraph 30 of the Complaint, Defendants deny the allegations set forth in that paragraph.

32.     Answering paragraphs 31, 32, 33, 34, 35, 36, 37, 38, 39, 40, 41, and 42 of the Complaint, Defendants deny knowledge and information sufficient to respond to the allegations in those paragraphs.

33.     Answering paragraph 43 and 44 of the Complaint, Defendants assert that no response is necessary, but to the extent a response is necessary, Defendants deny any allegations in those paragraphs.

34.     Answering paragraph 45 of the Complaint, Defendants deny the allegations set forth in that paragraph.

35.     Answering paragraph 46 of the Complaint, Defendants deny the allegations set forth in that paragraph.

36.     Answering paragraph 47 of the Complaint, Defendants deny the allegations set forth in that paragraph.

37.     Answering paragraph 48 of the Complaint, Defendants deny the allegations set forth in that paragraph.

38.     Answering paragraph 49 of the Complaint, Defendants deny the allegations set forth in that paragraph.

39.     Answering paragraph 50 of the Complaint, Defendants deny the allegations set forth in that paragraph.

40.     Answering paragraphs 51, 52, 53 and 54 of the Complaint, Defendants assert that no response is necessary, but to the extent a response is necessary, Defendants deny the allegations set forth in those paragraphs.

41.     Answering paragraph 55 of the Complaint, Defendants deny the allegations set forth in that paragraph.

42.     Answering paragraph 56 of the Complaint, Defendants deny the allegations set forth in that paragraph.

43.     Answering paragraph 57 of the Complaint, Defendants deny the allegations set forth in that paragraph.

44.     Answering paragraph 58 of the Complaint, Defendants deny the allegations set forth in that paragraph.

45.     Answering paragraph 59 of the Complaint, Defendants deny the allegations set forth in that paragraph.

46.     Answering paragraphs 60, 61, 62, and 63 of the Complaint, Defendants assert that no response is necessary, but the extent a response is necessary, Defendants deny the allegations set forth in those paragraphs.

47.     Answering paragraph 64 of the Complaint, Defendants deny the allegations set forth in that paragraph.

48.   Answering paragraph 65 of the Complaint, Defendants admit that Joseph Bella, III executed an Assurance of Discontinuance with the Office of the Attorney General and deny the remaining allegations set forth in that paragraph.

49.   Answering paragraph 66 of the Complaint, Defendants assert that no response is necessary because the terms of the Assurance of Discontinuance speak for themselves, and Defendants further deny the remaining allegations set forth in that paragraph.

50.   Answering paragraph 67 of the Complaint, Defendants deny the allegations set forth in that paragraph.

51.   Answering paragraph 68 of the Complaint, Defendants assert that no response is necessary because the terms of the Assurance of Discontinuance speak for themselves, and Defendants further deny the remaining allegations set forth in that paragraph.

52.   Answering paragraph 69 of the Complaint, Defendants admit that on December 6, 2012 the Office of the Attorney General took the sworn statement of Joseph Bella, III when he was not represented by counsel, and Defendants further assert that no response is necessary to the remaining allegations set forth in that paragraph because the language of the Assurance of Discontinuance speaks for itself.

53.   Answering paragraph 70 of the Complaint, Defendants admit that Joseph Bella, III had an interest in a limited liability company called Consumer

Check Reporting, LLC, and deny the remaining allegations set forth in that paragraph.

54.    Answering paragraph 71 of the Complaint, Defendants admit that Joseph Bella, III has an ownership interest in eCapital Services, LLC, a limited liability company and deny the remaining allegations set forth in that paragraph.

55.    Answering paragraph 72 of the Complaint, Defendants deny the allegations set forth in that paragraph.

56.    Answering paragraph 73 of the Complaint, Defendants deny the allegations set forth in that paragraph.

57.    Answering paragraph 74 of the Complaint, Defendants deny the allegations set forth in that paragraph.

58.    Answering paragraph 75 and 76 of the Complaint, Defendants assert that no response is necessary, but to the extent a response is necessary, Defendants deny knowledge and information sufficient to respond to the allegations set forth in that paragraph.

## AFFIRMATIVE DEFENSES

59.    For a first affirmative defense, Defendants assert that Plaintiffs have failed to state a claim upon which relief may be granted.

60.    For a second affirmative defense, Defendants assert that this Court lacks personal jurisdiction because Defendants have not been properly served.

61.    For a third affirmative defense, Defendants assert that this Court lacks personal jurisdiction because some of the Corporate Defendants have not been served.

**WHEREFORE** Defendants request an Order of this Court: (1) dismissing the Complaint; and (2) granting such other and further relief as this Court deems just and proper.

DATED:       Buffalo, New York
             September 26, 2014

LIPPES MATHIAS WEXLER FRIEDMAN LLP


\_\_/s/ Eric M. Soehnlein\_\_\_
Dennis C. Vacco, Esq.
Eric M. Soehnlein, Esq.
*Attorneys for Defendants,*
*Joseph C. Bella III, Diane L. Bella, and*
*Corporate Defendants*
665 Main Street, Suite 300
Buffalo, New York  14203
Telephone: (716) 853-5100
Facsimile: (716) 853-5199
Email: dvacco@lippes.com
          esoehnlein@lippes.com

TO:    Jonathan E. Neuchterlein, Esq.
        General Counsel, Federal Trade Commission
        Colin Hector
        Thomas J. Widor
        Nikhil Singhvi
        600 Pennsylvania Avenue, N.W.
        Washington, D.C.  20580
        Telephone: (202) 326-3376 (Hector)
        Telephone: (202) 326-3039 (Widor)
        Telephone: (202) 326-3480 (Singhvi)
        Facsimile: (202) 326-3768
        Email: chector@ftc.gov; twidor@ftc.gov; nsinghvi@ftc.gov

        Eric T. Schneiderman, Esq.
        Attorney General of the State of New York
        James M. Morrissey
        Assistant Attorney General
        350 Main Street, Suite 300A
        Buffalo, New York  14202
        Telephone: (716) 853-8471